**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RONALD N. MCKAY, | No. 10-35708 |
| Plaintiff - Appellant, | D.C. No. 3:08-cv-01224-ST |
| v. | |
| BRYAN MORRIS; JOHN NACCARATO; CLACKAMAS COUNTY SHERIFF'S OFFICE, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Garr M. King, Senior District Judge, Presiding

Submitted June 10, 2011[**]
Portland, Oregon

Before: FISHER, GOULD and PAEZ, Circuit Judges.

Ronald N. McKay appeals the district court's grant of summary judgment to

the defendant police officers in his 42 U.S.C. § 1983 action alleging an

unreasonable seizure in violation of the Fourth Amendment. The district court

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

properly concluded that Deputy Morris had probable cause to initiate a traffic stop and arrest McKay for driving under the influence (DUI). *See Whren v. United States*, 517 U.S. 806, 810 (1996); *see also Maryland v. Pringle*, 540 U.S. 366, 369–70 (2003). Thus, there was no constitutional violation and Sergeant Naccarato was also properly granted summary judgment. We therefore affirm.

The arresting officer was aware of a variety of facts establishing probable cause that McKay was DUI: three witnesses had described McKay as seemingly intoxicated; the officer personally smelled an odor of alcohol on McKay, heard him slur his speech, saw his watery eyes, saw him ungracefully enter his car and, most important, followed McKay for two miles and witnessed him repeatedly cross over the yellow dividing lines and fog lines as he navigated both straight stretches of road and turns. *See Hart v. Parks*, 450 F.3d 1059, 1066 (9th Cir. 2006) (holding police "must only show that, under the totality of the circumstances, a prudent person would have concluded that there was a fair probability that the suspect had committed a crime" (quoting *United States v. Valencia-Amezcua*, 278 F.3d 901, 906 (9th Cir. 2002) (internal quotation marks and alteration omitted))).

The arresting officer could rely on the third-party statements after having direct interaction with McKay because the police may rely on all relevant evidence to establish probable cause. *See id.* Although McKay argues there were

2

alternative, reasonable explanations for what the arresting officer observed, that does not defeat probable cause. *See id.* at 1067. Likewise, McKay's equivocal declaration and deposition are insufficient to defeat summary judgment. *See Nelson v. Pima Cmty. Coll.*, 83 F.3d 1075, 1081–82 (9th Cir. 1996) (holding that "mere allegation and speculation do not create a factual dispute for purposes of summary judgment").

McKay's allegation of malice on the part of the officers also does not defeat summary judgment. McKay cannot dispute the objective existence of probable cause by merely speculating that the officers knew he was not DUI and had intentionally caused him to swerve out of his lane. *See Head v. Glacier Nw. Inc.*, 413 F.3d 1053, 1059 (9th Cir. 2005) (noting the "longstanding precedent that conclusory declarations are insufficient to raise a question of material fact"). Given the objective existence of probable cause, even if the stop and arrest were pretextual that would not violate the Fourth Amendment. *See Whren*, 517 U.S. at 813.

**AFFIRMED.**